UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| SARA LEA BLAYLOCK, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:12-cv-00072 |
| | ) CHIEF JUDGE CRENSHAW |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees, pursuant to 42 U.S.C. § 406(b). Plaintiff's attorney requests that $7,500 to be approved as a reasonable fee award, and requests Defendant release that amount to Plaintiff's attorney. For the following reasons, Plaintiff's Motion is **GRANTED**.

On January 3, 2014, the Honorable John T. Nixon reversed the final decision of the Commissioner and remanded for further proceedings. (Doc. No. 13.) Subsequently, Judge Nixon granted Plaintiff $2,370.80 in Equal Access to Justice Act ("EAJA") attorney's fees. (Doc. No. 19.) The United States Department of the Treasury applied Plaintiff's EAJA award to her child support debt, and her attorney did not receive any of that award. (Doc. No. 21-3.)

Upon remand, the Commissioner determined that Plaintiff was entitled to social security benefits. (Doc. No. 21-4.) Plaintiff's attorney avers that the Social Security Administration withheld $17,802.00 from Plaintiff's past due benefits, and that Plaintiff's attorney requested and received $10,000.00 of that for her work at the administrative level from the Commissioner. (Doc. No. 21.) She now requests an additional $7,500.00 for her 15.8 hours of work at the district court

1

level, constituting a rate of $474.68 per hour, with the remaining $302.00 be released to Plaintiff. (Id.) This is slightly less the fee agreement Plaintiff entered into with her counsel for 25% of past-due benefits, in the event her case is won.

"When a district court renders a favorable judgment to a social security claimant, § 406(b) permits a district court to award 'a reasonable [attorney's] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits." Lasley v. Comm'r of Social Sec., 771 F.3d 308, 309 (6th Cir. 2014) (quoting 42 U.S.C. § 406(b)(1)(A)). The Court must review contingency agreements "as an independent check, to assure that they yield reasonable results in particular cases." Id. (quoting Gisbrecht v. Barnhart, 535 U.S. 789 n.6 (2002)). Contingency fee agreements that comply with § 406(b)'s 25 percent cap are "per se reasonable" so long as the hypothetical hourly rate is "less than twice the standard rate." Id. (quoting Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 421 (6th Cir. 1991)).

Here, there is a contingency fee agreement for 25 percent of the claimant's back-pay award, and Plaintiff's attorney is seeking an award of less than 25 percent. The hourly rate of $474.68 is "less than twice the standard rate," making it "per se reasonable." After review, and without objection by the Commissioner, the Court approves the award of $7,500.00 to Plaintiff's attorney.

Generally, when, as here, an attorney receives awards under both the EAJA and § 406(b), the attorney shall refund the lesser fee award to her client. Jankovich v. Bowen, 868 F.2d 867, 871 n.1 (6th Cir. 1989). However, when the claimant's EAJA award is applied to her outstanding debt, there is no for the attorney to refund any of the § 406(b) award to her client. Figard v. Comm'r of Social Sec., No. 1:09-cv-425, 2012 WL 1601300, at *2 (W.D. Mich. Mar. 12, 2012) (Brenneman, J.). As such, the Court will not reduce the award by the amount to Plaintiff's counsel by the amount of the EAJA award.

For the foregoing reasons, Plaintiff's Motion for § 406(b) fees is **GRANTED**. The Social Security Administration is **ORDERED** to release $7,500 of the withheld funds from Plaintiff's back-pay award to Plaintiff's counsel. The Social Security Administration is further **ORDERED** to release any remaining portion of the withheld funds from Plaintiff's back-pay award to Plaintiff.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE